IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SCHUFF STEEL COMPANY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:25-CV-1029-L** |
| § | |
| **TRAVELORS CASUALTY AND** § | |
| **SURETY COMPANY and ARCHER** § | |
| **WESTERN CONSTRUCTION, LLC,** § | |
| § | |
| Defendants. § | |

### ORDER

For the reasons herein explained, the court *sua sponte* **dismisses without prejudice** this action for lack of subject matter jurisdiction.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* Federal courts must presume that an action lies outside its limited jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). A federal court also has an independent duty, at any level of the proceedings, to determine whether it properly has subject

matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

The burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.")) (footnote and citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp.*, 841 F.2d at 1258. A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted). Thus, while citizenship is synonymous with domicile, it is not synonymous with residency because individuals can have more than one residence. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("**[C]itizenship and residence, *as often declared by this court*, are not synonymous terms**. Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'")) (emphasis added and citation omitted). This is not a new concept or rule of law. Over seventy years ago, the Fifth Circuit noted that "[r]esidence alone

Order – Page 2

is not the equivalent of citizenship." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). As recently reaffirmed by the Fifth Circuit, a mere allegation of residency "does not satisfy the requirement of an allegation of citizenship." *SXSW, L.L.C. v. Federal Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

Additionally, the party seeking to establish jurisdiction based on diversity "must offer more than conclusory statements" to establish citizenship.* *Id.* at 803. Even if the parties agree that a plaintiff or defendant is a citizen of a particular state, which is a legal conclusion, "subject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Parties can admit or stipulate to facts underlying the existence of jurisdiction, but they cannot consent to jurisdiction. *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1060 (5th Cir. 2022) (citing *Railway Co. v. Ramsey*, 89 U.S. 322, 327 (1874)) (other citations omitted).

This basis for subject matter jurisdiction alleged in Plaintiff's Complaint is diversity of citizenship. Though no motion for dismissal for lack of subject matter jurisdiction has been filed, this does not preclude the court from *sua sponte* exercising its independent duty, at any level of the proceedings, of ensuring that it has subject matter jurisdiction over a case. *See Ruhgras AG*, 526 U.S. at 583; *McDonal*, 408 F.3d at 182 n.5.

Here, Plaintiff alleges in its Complaint that complete diversity of citizenship exists between the parties because Plaintiff has a different citizenship from the named Defendants, including Defendant Archer Western Construction, LLC ("Archer Western"), which is a limited

---

* In *Coury v. Prot*, the Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his [or her] family." *Id.* (citations omitted).

**Order – Page 3**

liability company. Citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). With respect to Archer Western's citizenship, Plaintiff alleges that "no members of Archer Western are residents of Texas, Delaware or Connecticut," and Archer Western's manager Walsh Construction Group, LLC's member managers are "individuals that all appear to be residents of the State of Illinois." Pl.'s Compl. 2. As indicated, however, the law in this regard is clear that mere residence in a state is not sufficient to establish an individual's citizenship. Moreover, Plaintiff does not identify these individuals and fails to allege any facts from which the court can determined the citizenship of the individuals. The court, therefore, determines that Plaintiff has failed to satisfy its burden, as the party bringing this action, of establishing the existence of subject matter jurisdiction based on diversity.

In the past, this court has issued numerous notices of jurisdictional deficiency to give parties a chance to cure deficiencies such as this. Doing so, however, unnecessarily consumes scarce judicial resources to address a jurisdictional deficiency that, as noted, involves the straightforward and well-established rule of law that residency is not synonymous with citizenship. Moreover, alleging sufficient facts to establish a person's citizenship is not a complex undertaking and usually involves information that is readily obtainable with little effort. *See Coury*, 85 F.3d at 251. For these reasons and because it is not incumbent on the court to educate litigants regarding such well-established rules of law, the court **declines** to give Plaintiff an opportunity to cure this deficiency.

As Plaintiff has failed to satisfy its burden of establishing diversity of citizenship, and the court is unable to confirm whether complete diversity of citizenship exists between the parties as required for subject matter jurisdiction based on diversity, it must presume that this action lies

outside its limited jurisdiction and dismiss without prejudice the action for lack of subject matter jurisdiction. Accordingly, the court *sua sponte* **dismisses without prejudice** this action for lack of subject matter jurisdiction.

    **It is so ordered** this 2nd day of June, 2025.

                                          Sam A. Lindsay
                                          United States District Judge